IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WALTER WILLIAMS, #236-183,          *
    Plaintiff,
                                                                                          *

    v.                                                         CIVIL ACTION NO. JFM-09-1660
                                                                                   *

SECRETARY OF THE DEPARTMENT OF
PUBLIC SAFETY AND CORRECTIONAL    *
SERVICES, et al.,
    Defendants.                                          *
                                                                ******

**<u>MEMORANDUM</u>**

       On June 24, 2009, the court received plaintiff Walter Williams's civil rights complaint seeking compensatory damages filed pursuant to 42 U.S.C. § 1983. Williams alleged that he was under a medical order to be housed in a unit close to the medical department due to his health conditions, but in contravention of that order he was housed on the segregation unit. Paper No. 1. In his court-directed supplemental complaint, plaintiff named Lt. Friend and Sgt. Barry, housing unit managers, as defendants. He complained again that he was not housed close to the medical department in violation of medical orders. Paper No. 8. Plaintiff then filed a Motion to File an Amended Complaint (Paper No. 18), which was granted. Plaintiff clarified that a Division of Corrections Directive indicated that upon release from Housing Unit 4 ("HU #4"), inmates are to be housed in Housing Unit 3 ("HU #3"). Plaintiff maintains that HU #3 is too far for him to walk to medical and dining hall. He states that he was forced to move to HU #3 for one year and was only recently moved to HU #2. Plaintiff clarified that his complaint was not that he was housed in HU #4, but rather that upon his release from segregation he was forced to move to HU #3. *Id*.

       On December 7, 2009, defendants filed a motion to dismiss or in the alternative for summary judgment wherein they indicate, inter alia, that plaintiff was housed in HU #4 on

disciplinary segregation from January 22, 2008 to November 12, 2008. They concede that on November 19, 2008, Dr. Tessema recommended plaintiff be housed closer to the medical department due to neuropathy. Defendants further indicate that "currently, plaintiff is housed in Housing Unit #2 which is a relatively short distance from the medical department and chow hall." Paper No. 18.

Defendants' court directed supplement to their dispositive motion indicates that plaintiff was removed from HU#4 on November 12, 2008 and placed in HU#3 until September 21, 2010. Paper No. 21, Ex. 1. Thereafter, he was moved to HU#2. The distance from HU#3 to the furthest dining hall is 958 feet and to the medical department is 1021feet. *Id.* The distance from HU#2 to the furthest dining hall is approximately 715 feet and to the medical department is 768 feet. Paper No. 21, Ex. 1.

### Standard of Review

Fed. R. Civ. P. 56(c) provides that summary judgment:

> should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc*., 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon

the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

## Analysis

**Failure to Exhaust Administrative Remedies**

The court must first examine defendants' assertion that plaintiff's claim should be dismissed in its entirety due to plaintiff's failure to exhaust available administrative remedies. The Prison Litigation Reform Act ["PLRA"] generally requires a prisoner plaintiff to exhaust administrative remedies before filing suit in federal court. Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The Supreme Court has interpreted the language of this provision broadly, holding that the phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Thus, the

3

exhaustion provision plainly extends to plaintiff's allegations, and his complaint must be dismissed, unless he can show that he has satisfied the administrative exhaustion requirement under the PLRA or that defendants have forfeited their right to raise non-exhaustion as a defense. *See Chase v. Peay*, 286 F.Supp.2d 523, 528 (D. Md. 2003).

The PLRA's exhaustion requirement is designed so that prisoners pursue administrative grievances until they receive a final denial of the claims, appealing through all available stages in the administrative process. *Id*. at 530; *Booth v. Churner*, 532 U.S. 731, 735 (2001) (affirming dismissal of prisoner's claim for failure to exhaust where he "never sought intermediate or full administrative review after prison authority denied relief"); *Thomas v. Woolum*, 337 F.3d 720, 726 (6th Cir. 2003) (noting that a prisoner must appeal administrative rulings "to the highest possible administrative level"); *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002) (prisoner must follow all administrative steps to meet the exhaustion requirement, but need not seek judicial review); *see e.g*. *Gibbs v. Bureau of Prisons*, 986 F.Supp. 941, 943-44 (D. Md. 1997) (dismissing a federal prisoner's lawsuit for failure to exhaust, where plaintiff did not appeal his administrative claim through all four stages of the BOP's grievance process).

In Maryland, filing a request for administrative remedy with the Warden of the prison in which one is incarcerated is the first of three steps in the Administrative Remedy Procedure ("ARP") process provided by the Division of Correction to its prisoners. If this request is denied, the prisoner has ten calendar days to file an appeal with the Commissioner of Correction. If this appeal is denied, the prisoner has thirty days in which to file an appeal to the Executive Director of the Inmate Grievance Office ("IGO"). *See Chase*, 286 F.Supp. 2d at 529 no. 10; *see also* Md. Code Ann. Corr. Serv. §§ 10-201 to 210.

Plaintiff wrote a grievance on January 20, 2008, indicating that his housing violated medical orders that he be kept closer to the medical department. Paper No. 16, Ex. 5. The ARP was administratively dismissed subject to resubmission by February 16, 2008 with documentation of the medical order supporting his claim. Plaintiff appealed the dismissal to the Commissioner of Correction. The appeal was dismissed, noting that plaintiff had failed to resubmit with medical documentation. *Id*. Scott Oakley, Executive Director of the IGO avers that plaintiff filed a grievance appealing the disposition of an ARP concerning WCI staff ignoring medical recommendations that he be housed closer to the medical unit. *Id*., Ex. 7. The grievance was dismissed due to plaintiff's failure to provide copies of the pertinent ARP paperwork. The administrative decision was affirmed by the Circuit Court of Allegany County on February 6, 2009. *Id*.

Plaintiff states that his requests for administrative remedies are not answered on time or it appears that the coordinator does not receive the administrative remedy complaint. Paper No. 19, Attachment. Plaintiff attaches copies of his requests demonstrating his efforts to pursue his administrative remedies. The requests were denied indicating that the Warden had timely responded to plaintiff's requests, however, plaintiff maintains that he did not receive such response, which further inhibited his timely exhaustion of his appellate his remedies and resulted in procedural denials at each level. *Id*. In light of the foregoing, the court cannot find based on the record before it that plaintiff did not attempt to exhaust the administrative remedies available to him.

**B.    Eighth Amendment**

The Eighth Amendment prohibits "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. *Gregg v. Georgia*, 428 U.S. 153, 173 (1976).

"Scrutiny under the Eighth Amendment is not limited to those punishments authorized by statute and imposed by a criminal judgment." *De'Lonta v. Angelone*, 330 F. 3d 630, 633 (4th Cir. 2003), *citing Wilson v. Seiter*, 501 U.S.294, 297 (1991). In order to state an Eighth Amendment claim for denial of medical care, a plaintiff must demonstrate that the actions of the defendants or their failure to act amounted to deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Deliberate indifference to a serious medical need requires proof that, objectively, the prisoner was suffering from a serious medical need and that, subjectively, the prison staff were aware of the need for medical attention but failed to either provide it or ensure that the needed care was available. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

As noted above, the medical condition at issue must be serious. *See Hudson v. McMillian,* 503 U.S. 1, 9 (1992) (stating that there is no expectation that prisoners will be provided with unqualified access to health care). Proof of an objectively serious medical condition, however, does not end the inquiry. The second component of proof requires "subjective recklessness" in the face of the serious medical condition. *Farmer,* 511 U.S. at 839–40. "True subjective recklessness requires knowledge both of the general risk, and also that the conduct is inappropriate in light of that risk." *Rich v. Bruce*, 129 F. 3d 336, 340 n. 2 (4th Cir. 1997). "Actual knowledge or awareness on the part of the alleged inflicter . . . becomes essential to proof of deliberate indifference 'because prison officials who lacked knowledge of a risk cannot be said to have inflicted punishment.'" *Brice v. Va. Beach Ctr.*, 58 F. 3d 101, 105 (4th Cir. 1995) (quoting *Farmer,* 511 U.S. at 844). If the requisite subjective knowledge is established, an official may avoid liability "if [he] responded reasonably to the risk, even if the harm was not ultimately averted." *Farmer,* 511 U.S. at 844. Reasonableness of

the actions taken must be judged in light of the risk the defendant actually knew at the time. *See Brown v. Harris* 240 F. 3d 383 (4th Cir. 2001).

Plaintiff must confront defendants' summary judgment motion with an affidavit or other similar evidence showing that there is a genuine issue for trial. This he has done. There are genuine disputes of material fact concerning the basis for plaintiff's assignment to HU#3 rather than HU#2, as well as the extent of harm suffered by plaintiff as a result of being housed in a unit farther from the medical and dining facilities.

Accordingly, summary judgment cannot be granted at this time. All pending motions shall be denied without prejudice. Plaintiff may file a motion for appointment of counsel within twenty-one days of the date of this memorandum. A separate Order follows.

<u>August 10, 2010</u>  _____/s/_____
Date  J. Frederick Motz
 United States District Judge