IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WALTER WILLIAMS | * | |
| | * | |
| | * | |
| v. | * | Civil No. – JFM-09-1660 |
| | * | |
| SECRETARY OF THE DEPARTMENT | * | |
| OF PUBLIC SAFETY AND | * | |
| CORRECTIONAL SERVICES | * | |
| | ****** | |

**MEMORANDUM**

Plaintiff, an inmate at the Western Correctional Institution ("WCI"), has brought this action against Robert Friend, the housing manager of Unit 4 at WCI.[1] Plaintiff alleges that Friend violated § 42 U.S.C. § 1983 by being deliberately indifferent to his medical needs. Counsel was appointed to represent plaintiff. Discovery has been completed, and defendant has filed a motion for summary judgment. The motion will be granted.

Plaintiff was placed in Housing Unit 4 after he had been found guilty of an infraction and had been placed in disciplinary segregation. After his segregation time had expired, he was moved to Housing Unit 3. Housing Unit 3 is 253 feet further from the medical facility and the dining facilities than Housing Unit 2. Prior to his disciplinary segregation, plaintiff had been assigned to Housing Unit 1, which is even closer to the medical and dining facilities.

Plaintiff suffers from Type II Diabetes and related diabetic neuropathy. He alleges that because he was placed in Housing Unit 3 after his release from Housing Unit 4, he had to walk

---

[1] Plaintiff originally named Sergeant Berry as a defendant but later filed a stipulation of dismissal with prejudice as to Berry.

more than he should have and suffered pain as a result.[2]  He asserts that defendant was personally aware of his condition and his difficulty in walking because defendant observed him and because he told defendant about his problems.

Prison officials cannot, of course, be deliberately indifferent to an inmate's serious medical needs.  *See Estelle v. Gamble*, 429 U.S. 97 (1976).  However, there is no *respondeat superior* liability under Section 1983, and a defendant must be personally involved in the alleged constitutional violation to be held liable.  *See Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977); *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994).  Here, the record establishes that a distinction is made at the WCI between medical orders and medical recommendations.  Medical orders are mandatory, i.e., they must be followed by non-medical prison officials.  Medical recommendations are not, however, mandatory.  Moreover, there is no evidence that defendant was aware of any medical personnel had recommended that plaintiff be housed close to the medical department.  As to defendant's personal observations of any difficulty that plaintiff had walking, those observations themselves do not establish that defendant was deliberately indifferent to any serious medical need suffered by plaintiff.  As to the complaints made by plaintiff to defendant about his condition, self-evidently a prison official cannot make decisions

---

[2] Subsequently, plaintiff had a toe amputated.  The record establishes that the amputation occurred because plaintiff hit a foot in the shower, knocking the nail off.  Although he received medical treatment, a hole developed in the toe and became infected, resulting in the subsequent amputation.  A medical expert retained by plaintiffs has submitted a report stating that "it is clearly possible and indeed probable" that the increased walking to which plaintiff was subjected led to plaintiff's toe infection and the amputation.  However, at the time that the medical expert expressed this opinion, plaintiff's deposition had not yet been taken and there is no indication that the medical expert relied upon statements made by plaintiff as to how the injury occurred.  Moreover, in context it appears clear that the opinion of the medical expert was based upon the fact that by being subjected to increased outdoor walking, the risk of injury to which plaintiff was subjected was increased.  In any event, even if a dispute of fact exists as to the issue of causation, defendant cannot be held liable for any injury to plaintiff for the reasons stated in the text.

based solely upon subjective complaints made to him an inmate.  If he were to do so, inmates would be able to run the institution.  Rather, a prison official such as defendant must rely upon decisions made by medical personnel, and, as indicated above, there was no medical order requiring that plaintiff be housed near medical facilities.

     A separate order granting defendant's motion for summary judgment and entering judgment on his behalf is being entered herewith.

Date:  March 11, 2013           ____/s/_____
                                       J. Frederick Motz
                                       United States District Judge